# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC OPERATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BREA K. JOSEPH, et al., <br><br> Defendants. | Case No.: 17-CV-1539-JLS (WVG) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE** <br><br> (ECF No. 5) |

Presently before the Court is Plaintiff Strategic Operations, Inc's Motion for Alternate Service, ("MTN," ECF No. 5). Plaintiff has filed a Complaint against Defendants Brea K. Joseph, Kasey Erokhin, KBZ FX, and KBZ FX, Inc. Plaintiff requests the Court permit service by mail, or in the alternative, service by publication, for Defendant Joseph, and permit service by publication for Defendant Erokhin. (MTN 4–5.) Plaintiff also requests the Court permit service upon the California Secretary of State for Defendant KBZ FX. (*Id.* at 6.) Since the filing of its Motion, Plaintiff has filed a waiver of service of summons completed by an attorney for Ms. Joseph and KBZ FX, Inc. Thus, the Court **DENIES AS MOOT** the Motion as it relates to these two Defendants. The Court will only analyze the Motion for service by publication on Defendant Erokhin.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(e), an individual may be served by

"following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by personal service, leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." California law, the law of the state in which this Court sits, allows a plaintiff to serve a defendant by, among other means, mailing a copy of the summons and complaint "together with two copies of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30.

The Federal Rules of Civil Procedure do not expressly provide for service of process by publication. California, however, does provide for service by publication in its Code of Civil Procedure section 415.50. This section provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Cal. Civ. Proc. Code § 415.50. In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Ct. App. 1978). And, because of due process concerns, service by publication should be allowed "only as a last resort." *Id.* at 332.

California Code of Civil Procedure section 415.50(a)(1) permits service by publication only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that . . . [a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." "In other words, Section 415.50 requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Lee*, No. 11cv1344 BTM (WMc), 2011 WL 4635618, at *1

(S.D. Cal. Oct. 5, 2011); *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (Ct. App. 1977) (holding that Section 415.50(a)(1) requires "an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the [the cause of action] appear, for the Judge to act upon before he has any jurisdiction to make the order" authorizing service by publication).

## ANALYSIS

In an attached Declaration of Due Diligence, Plaintiff's process server indicates he located three potential addresses for Defendant Erokhin. (*See* ECF No. 5-3, at 12.) The process server states service was attempted upon Defendant Erokhin at two of the potential address and he determined Defendant Erokhin does not live at either of those addresses. The third address was a vacant property. (*Id.*) The process server indicates a "Skip Trace did not turn up any new addresses associated with Kasey Erokin." (*Id.*)[1]

Out of curiosity, the Court has run a Lexis People Search for "Kasey Erokhin" and has discovered another potential address for this Defendant, which his listed as her "current address." There is no evidence Plaintiff or its process server attempted service at this address. Also, there is no evidence Plaintiff attempted service by mail. Further, Plaintiff has included a Declaration by Gary L. Eastman detailing the attempts of personal service that have been made on Defendant Erokhin. But, this declaration includes no information as to why Defendant Erokhin is a "necessary or proper" party to this case. Accordingly, the Court finds the Motion and Declaration "devoid of any facts from which [it] could draw the conclusion that a cause of action exist[s] against [the] defendant[]." *Harris*, 68 Cal. App. 3d at 726. Thus, the Court **DENIES** Plaintiff's Motion for an order authorizing service by publication for Defendant Erokhin.

///

---

[1] The process server spelled Defendant Erokhin's name incorrectly in the Declaration of Due Diligence, stating it ran a Skip Trace for "Kasey Erokin." The attached Skip Trace indicates the correct spelling of Erokhin was used. (ECF No. 5-3, at 21.) If Plaintiff refiles the present Motion, it should ensure its process server used the correct spelling of the Defendant's name when running the Skip Trace.

## CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** Plaintiff's Motion for Alternative Service as it relates to Defendants Joseph and KBX, Inc., and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion as it relates to Defendant Erokhin. However, the Court also **GRANTS** Plaintiff a thirty (30) day extension to serve Defendant Erokhin. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated: March 26, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge