UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC OPERATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BREA K. JOSEPH, et al., <br><br> Defendants. | Case No.: 17cv1347-JLS (NLS) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE** <br><br> (ECF No. 9) |

Plaintiff Strategic Operations, Inc's previously filed a motion for alternative service, requesting the Court permit alternative service for Defendant Kasey Erokhin. (ECF No 5.) The Court denied the motion without prejudice after finding that Plaintiff had not attempted personal or other forms of service on Erokhin with reasonable diligence. Plaintiff has re-filed the motion, again requesting the Court permit service by publication for Erokhin. ("MTN," ECF No. 9-1).

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 4(e), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by personal service, leaving a copy of the summons and complaint "at the individual's

dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." California law provides for service by publication in its Code of Civil Procedure § 415.50. This section provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (Ct. App. 1978). And, because of due process concerns, service by publication should be allowed "only as a last resort." *Id.* at 332.

"Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford,* 896 P.2d 807, 811 n.5 (Cal. 1995) (citation and internal quotation marks omitted). Accordingly, "the term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Id.* (citations and some internal quotation marks omitted). However, "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, . . . and by investigation of appropriate city and telephone directories, voter registries, and assessor's office property indices situated near the defendant's last known location, generally are sufficient." *Id.* (citations and internal quotation marks omitted).

## ANALYSIS

The Court previously denied Plaintiff's motion for service through publication because the Court located a potential address for Erokhin through LexisNexis and there was no evidence that Plaintiff attempted to serve her at that address. The Court also noted there was no evidence Plaintiff attempted service on Erokhin by mail. Further, there was

no information as to why Erokhin is a "necessary and proper" party to this case.

In its renewed motion, Plaintiff states personal service has been attempted on Ms. Erokin at every known address. (MTN 3.) Plaintiff states copies of the summons and Complaint have been mailed to these addresses, but Plaintiff has received no response. (*Id.* at 4.)

In *Donel*, the court concluded that the plaintiff failed to exercise reasonable diligence in attempting to locate the defendant prior to applying to the court for permission to serve defendant by publication because plaintiff "failed to take the one step which patently appeared to hold the most promise for locating [the defendant]"—"an inquiry addressed to [the defendant's attorney]"). 87 Cal. App. 3d at 333.

Here, Plaintiff states that Erokhin worked for Plaintiff in the past. (ECF No. 11, at 2.) Erokhin and another Defendant, Brea Joseph, left the company and began working together. (*Id.*) Plaintiff has successfully served Joseph, who has filed a motion to dismiss. (ECF No. 10.) Given the background information and the history of the Parties, the Court finds that Plaintiff's efforts in locating Erokhin are not "exhaustive." Plaintiff has not alleged whether it asked Joseph, or Joseph's attorney, of the whereabouts of Erokhin. This would be a good step in attempting to locate Erokhin, and the Court finds is a step "which a reasonable person who truly desired to give notice would have taken under the circumstances." *See Donel, Inc*, 87 Cal. App. 3d at 332. Plaintiff has also not stated whether it has a phone number or email address for Erokhin, which the Court finds likely considering Erokhin was previously employed by Plaintiff.

## CONCLUSION

The Court is not satisfied that Plaintiff is entitled to proceed via service by publication,[1] and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Alternative

---

[1] California Code of Civil Procedure Section 415.50(a)(1) also "requires that the plaintiff provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *McNamara v. Lee*, No. 11cv1344 BTM (WMc), 2011 WL 4635618, at *1 (S.D. Cal. Oct. 5, 2011). Plaintiff has included facts as to why it alleges Erokhin is a necessary and proper party. Because the Court denies the Motion based on a lack of reasonable diligence in attempted service,

Service.

**IT IS SO ORDERED.**

Dated: June 29, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

the Court does not address the propriety of the case against Erokhin here.