JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:	(858) 792-3446
Facsimile:	(858) 792-3501

Attorneys for Defendants,
BREA L. JOSEPH and KBZ FX, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC OPERATIONS, INC., | CASE NO. 3:17-CV-1539-JLS-WVG |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS BREA JOSEPH AND KBZ FX, INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)** |
| vs. | |
| BREA K. JOSEPH; KASEY EROKHIN; KBZ FX; KBZ FX, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| | **NO HEARING REQUESTED** |
| | Date:     November 15, 2018<br>Time:     1:30 p.m.<br>Judge:    Hon. Janis L. Sammartino<br>Ctrm.:    4D (Schwartz) |

# TABLE OF CONTENTS

I. INTRODUCTION………………………………………………………………….1

II. ARGUMENT…...………………………………………………….………..2

    A. Legal Standards…………………………….....………………...……..2

    B. The KBZ Website Posting Attached to the Amended Complaint Is Identical to the One Previously Rejected by the Court as Insufficient…………..3

    C. None of the Instagram Postings Attached to the Amended Complaint Provide Any Factual Basis for Patent Infringement........…………………………..4

    D. StOps' Claims for Breach of Nondisclosure Agreement and Unfair Competition Are Equally Baseless…………........……………………………..7

    E. StOps' Alter Ego Allegations Must Be Dismissed Because They Lack The Required Particularity………………........…………………………..8

III. CONCLUSION…………………………..…………………………….....9

# TABLE OF AUTHORITIES

**CASES**

*Accent Packaging, Inc. v. Leggett & Platt, Inc.,*
 707 F.3d 1318 (Fed. Cir. 2013) ................................................................................ 8

*Amano v. Bank of America, N.A.,*
 2013 WL 12122583 (D. Hawaii Aug. 20, 2013) ...................................................... 8

*Ascon Props., Inc. v. Mobil Oil Co.,*
 866 F.2d 1149 (9th Cir. 1989) .................................................................................. 8

*Ashcroft v. Iqbal,*
 129 S. Ct. 1937 (2009) ............................................................................................. 3

*Banks v. Dept. of Motor Vehicles for Cal.,*
 419 F. Supp. 2d 1186 (C.D. Cal. 2006) ............................................................... 2, 3

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007) ................................................................................................. 3

*Collymore v. F.B.I.,*
 1995 WL 165308 (N.D. Cal. Mar. 31, 1995) ........................................................... 8

*3D Sys., Inc. v. Aarotech Labs, Inc.,*
 160 F.3d 1373 (Fed. Cir. 1998) ............................................................................ 4, 5

*Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC,*
 2016 U.S. Dist. LEXIS 7290 (W.D. Wa. Jan. 21, 2016) ......................................... 3

*Kai U.S.A., Ltd. v. Buck Knives, Inc.,*
 2006 WL 314456 (D. Or. Feb. 9, 2006) ................................................................... 5

*Mayne Pharma Int'l. PTY Ltd. v. Merck & Co.,*
 2015 U.S. Dist. LEXIS 162912 (D. Del. Dec. 3, 2015) ........................................... 3

*Neilson v. Union Bank of Cal.,*
 290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................... 9

*Roth v. Garcia Marquez,*
 942 F.2d 617 (9th Cir. 1991) .................................................................................... 3

*Simonyan v. Ally Fin. Inc.,*
 2013 WL 45453 (C.D. Cal. Jan. 3, 2013) ................................................................ 7

*Solis v. City of Fresno,*
 2012 WL 868681 (E.D. Cal. Mar. 13, 2012) ........................................................... 7

*Square 1 Bank v. Lo,*
 2014 WL 4181907 (N.D. Cal. Aug. 22, 2014) ........................................................ 9

*U.S. v. Center for Diagnostic Imagining, Inc.,*
 787 F. Supp. 2d 1213 (W.D. Wash. 2011) .............................................................. 7

*Vivendi SA v. T-Mobile USA Inc.,*
 586 F.3d 689 (9th Cir. 2009) .................................................................................... 7

Defendants Brea Joseph and KBZ FX, Inc. (collectively, "KBZ") respectfully submit the following memorandum of points and authorities in support of their motion to dismiss the amended complaint filed by Strategic Operations, Inc. ("StOps") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). KBZ submits that this motion is suitable for decision without oral argument and does not request a hearing.

## I.  INTRODUCTION

Remarkably, despite the Court's Order (ECF No. 15) properly dismissing StOps' patent infringement claim because KBZ's website posting was not an "offer for sale," StOps has accused and attached ***the identical website posting*** to its Amended Complaint, which the Court already rejected. Even a cursory comparison confirms that the KBZ website posting attached as exhibit 4 to the amended complaint is verbatim identical to the KBZ website posting attached as exhibit 2 to the original complaint, which the Court *already dismissed* as insufficient. Adding two additional patents to the case does not magically provide StOps with any factual basis for infringement.

Likewise, none of the social media postings attached to the Amended Complaint provide any factual basis for infringement. The Instagram photographs depict the one and only product that KBZ actually makes and sells, which StOps counsel personally inspected on March 6, 2018, and which does not infringe. ECF No. 10-2 [Coddington Dec.¶ 2]. As the Instagram postings confirm, KBZ's product does not have a blood-like fluid reservoir as required by the '403, '774 and '693 patents, and KBZ's product does not have any "cavity" for containing artificial internal human organs as required by the '403, '774 and '693 patents. No claim construction is needed to confirm this simple visual observation. StOps has attempted to back-fill the inadequacies of the KBZ product it previously accused, which the Court properly found did not constitute an offer for sale, with a different product that StOps personally inspected and that clearly does not infringe.

In short, StOps simply lacks any factual basis for infringement, and adding two more patents to the case cannot and does not cure this fatal defect. For these reasons, the patent infringement claims should be dismissed with prejudice.

Moreover, StOps' two other claims for breach of nondisclosure agreement and unfair competition should also be dismissed because they are founded on the same defective basis that fails to support its patent infringement claim. Both the unfair competition and breach of NDA claims are based on the allegation that defendants misappropriated StOps' confidential information to "make a product that embodies the inventions claimed in the '403 patent." As a preliminary matter, however, KBZ cannot possibly be liable for misappropriating StOps' information "to make a product that embodies the inventions claimed in the '403 patent" because the inventions claimed in the '403 patent are by definition public and not confidential. Again, moreover, none of the Instagram postings depict a product having a blood-like fluid reservoir as required by the '403, '774 and '693 patents, and none of the Instagram postings show any "cavity" for containing artificial internal human organs as required by the '403, '774 and '693 patents.

Accordingly, the Amended Complaint and all claims against KBZ should be dismissed in their entirety with prejudice and without further leave to amend.

## II.   ARGUMENT

### A. Legal Standards

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim. Both direct and indirect patent infringement claims are subject to the strict pleading requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v Twombly*, 550 U.S. 544 (2007). *Mayne Pharma Int'l. PTY Ltd. v. Merck & Co.*, 2015 U.S. Dist. LEXIS 162912 *4, n.1 (D. Del. Dec. 3, 2015). Under *Iqbal/Twombly*, pleadings "containing no more than conclusions[] are not entitled to the assumption of truth." *Intellicheck Mobilisa, Inc. v. Wizz Sys., LLC*, 2016 U.S. Dist. LEXIS 7290, at *9 (W.D. Wa. Jan. 21, 2016) (*citing Iqbal*, 129 S.

Ct. 1937 at 1950).

Instead, a plaintiff "must plead sufficient factual allegations to show it is plausibly entitled to relief." *Twombly*, 550 U.S. at 555-56. Unless the plaintiff has pleaded "enough facts to state a claim for relief that is plausible on its face," and thereby "nudged its claims . . . across the line from conceivable to plausible," the complaint "must be dismissed." *Twombly*, 550 U.S. at 570. A claim has factual plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). But "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555).

Importantly, when as here "a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991).

### B. The KBZ Website Posting Attached to the Amended Complaint is Identical to the One Previously Rejected by the Court as Insufficient.

In its prior Order dismissing StOps' patent infringement claim, the Court properly found that "the posting of [the] TTK, as depicted [in] exhibit 2 to the Complaint, is not an 'offer for sale.' There is no information on pricing of the product; instead the post specifically invites the consumer to send an email to request pricing information. This is merely an invitation for offers. The posting is not sufficiently alleged to be an 'offer for sale' . . . . Because Plaintiff has failed to sufficiently plead an element of patent infringement, the Court GRANTS Defendants' motion to dismiss this claim." ECF No. 15 [Order at 6].

Despite the Court's Order, StOps attached and accused of infringement the

3

exact same KBZ website posting in the amended complaint that the Court already rejected. Even a cursory review confirms that the KBZ website posting attached as exhibit 4 to the Amended Complaint is identical to the KBZ website posting attached as exhibit 2 to the original complaint, which the Court rejected as insufficient. *Compare* ECF 16 [Amended Complaint, Exh. 4 at 54-70] *with* ECF 1 [Complaint, Exh. 2 at 27-43]. This factual basis for infringement, therefore, is defective and must be dismissed. ECF No. 15 at 6; *3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1379 (Fed. Cir. 1998) (an "offer for sale" must contain "a description of the allegedly infringing merchandise and the price at which it can be purchased.").

### C. None of the Instagram Postings Attached to the Amended Complaint Provide Any Factual Basis for Patent Infringement.

Likewise, none of the Instagram social media postings attached by StOps to the Amended Complaint provide any factual basis for infringement. First, Exhibit 5 purports to be a collection of photographs retrieved by StOps from a third party archival service called picbear.online that were allegedly posted by KBZ months ago on Instagram. The photographs, however, depict simulated wounds on human faces and hands, not any actual product being sold or offered for sale by KBZ. ECF No. 16 at 72-73 [Exh. 5]. The single photograph that purports to be an image of a KBZ product does not depict any blood-like fluid reservoir as required by the '403, '774 and '693 patents, and does not show any "cavity" for containing artificial internal human organs as required by the '403, '774 and '693 patents. *Id*. [Exh. 5 at 73]; ECF No. 16 at 27 [claim 1 of '403 patent]; *Id*. at 39 [claim 1 of '693 patent]; *Id*. at 52 [claims 1 and 4 of '774 patent]. StOps' counsel confirmed this for himself when he personally inspected the KBZ product shown in the Instagram postings on March 6, 2018. ECF No. 10-2 [Coddington Dec.¶ 2]. No claim construction is needed to confirm this simple visual observation. *See Kai U.S.A., Ltd. v. Buck Knives, Inc*., 2006 WL 314456, at *11 (D. Or. Feb. 9, 2006) (finding that no claim

construction was necessary because the language was "clear on its face").

Additionally, the Instagram postings are not "offers for sale" because they do not contain any pricing information and do not even invite consumers to contact KBZ. *3D Sys.*, 160 F.3d at 1379 (an "offer for sale" requires "a description of the allegedly infringing merchandise and the price at which it can be purchased."). Exhibit 5 does not contain any pricing information and is not even an invitation for offers. Accordingly, Exhibit 5 is not an offer for sale and does not provide any factual basis for infringement against KBZ.

Second, Exhibit 6 purports to be an Instagram posting by Justin Nave (not KBZ). Exhibit 6 does not show any blood-like fluid reservoir as required by the '403, '774 and '693 patents, and does not show any "cavity" for containing artificial internal human organs as required by the '403 patent, '774 and '693 patents. ECF No. 16 [Exh. 6 at 75]. Again, no claim construction is needed to confirm this instant visual observation.

Exhibit 7 is even less clear and appears to be a photograph posted on Instagram (not KBZ's website) showing two unidentified people working on half of a dummy in an unspecified workroom. *Id*. [Exh. 7 at 77]. As with the other exhibits, Exhibit 7 does not depict any blood-like fluid reservoir and does not show any "cavity" for containing artificial internal human organs, all as required by the '403, '774 and '693 patents. *Id*. Moreover, Exhibit 7 is not an offer for sale because it does not contain any pricing information and does not even invite any consumers to contact KBZ.

Exhibit 8 is even more unclear and appears to be a photograph posted on Instagram (not KBZ's website) showing two people inside a workroom at KBZ; it does not depict any product by KBZ whatsoever. ECF No. 16 [Exh. 8 at 79]. Exhibit 8 certainly does not depict any product having a blood-like fluid reservoir and does not show any "cavity" for containing artificial internal human organs, all as required by the '403, '774 and '693 patents. *Id*. Exhibit 8 is also not an offer for

1  sale because it does not contain any pricing information and does not even invite
2  any consumers to contact KBZ. *Id*.

3  Lastly, Exhibit 9 appears to be a photograph posted on Instagram (not KBZ's
4  website) showing a woman wearing a partial artificial rib cage over her clothing.
5  *Id*. [Exh. 9 at 81]. Exhibit 9 does not show any product having a blood-like fluid
6  reservoir as required by the '403, '774 and '693 patents, and Exhibit 9 does not
7  show any "cavity" for containing artificial internal human organs, as required by
8  the '403, '774 and '693 patents. Exhibit 9 does not even show any actual product.
9  ECF No. 16 at 81 [Ex. 9]. Additionally, Exhibit 9 is not an offer for sale because it
10 does not contain any pricing information and does not even invite consumers to
11 contact KBZ. *Id*. No claim construction is needed to confirm these immediate
12 observations.

13 In short, StOps has no factual basis for patent infringement against KBZ, and
14 StOps' patent infringement claims must therefore be dismissed in their entirety with
15 prejudice.

### D. StOps' Claims for Breach of Nondisclosure Agreement and Unfair Competition Are Equally Baseless.

18 StOps' claims for alleged breach of a nondisclosure agreement and unfair
19 competition should also be dismissed because they are founded on the same
20 defective basis that fails to support the infringement claims.

21 In StOps' breach of nondisclosure agreement claim, StOps alleges based on
22 "information and belief that Joseph and Erokhin used StOps' confidential and
23 proprietary technology and trade secret information when developing the TTK."
24 ECF No. 16 at ¶60. These allegations are defective, however, because StOps is
25 required to specify the factual basis for its claims; StOps may not plead such
26 allegations based on information and belief. *Vivendi SA v. T-Mobile USA Inc*., 586
27 F.3d 689, 694 (9th Cir. 2009) (allegations based on information and belief are
28 insufficient without factual support); *Solis v. City of F*resno, 2012 WL 868681, at

6

\*8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Simonyan v. Ally Fin. Inc.*, 2013 WL 45453, at \*2 (C.D. Cal. Jan. 3, 2013) ("factual allegations . . . based on 'information and belief' . . . fall well short of the requirements set forth in *Iqbal*"); *U.S. v. Center for Diagnostic Imagining, Inc.*, 787 F. Supp. 2d 1213, 1221 (W.D. Wash. 2011) (holding that a "plaintiff relying on 'information and belief' must state the factual basis for the belief").

In its unfair competition claim, StOps alleges that "Joseph and Erokhin's unauthorized use of StOps' confidential and proprietary technology and trade secret information to make a product that embodies the inventions claimed in the '403 patent" constitutes unfair competition. *Id*. at ¶69. StOps' unfair competition claim is therefore premised on the same factual basis as its patent infringement claim.

To start, however, KBZ by law cannot possibly be liable for unfair competition by using StOps' confidential information "to make a product that embodies the inventions claimed in the '403 patent" because the inventions claimed by a patent are by definition public disclosures and are not confidential. *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1329-30 (Fed. Cir. 2013).

Moreover, as discussed above, none of the Instagram postings attached to the Amended Complaint depict any blood-like fluid reservoir, as required by the '403, '774 and '693 patents; and none of the Instagram postings show any "cavity" for containing artificial internal human organs, as required by the '403, '774 and '693 patents. ECF No. 16 at 72-73 [Exh. 5]; *Id*. at 75 [Exh. 6]; *Id*. at 77 [Exh. 77]; *Id*. at 79 [Exh. 8]; *Id*. at 81 [Ex. 9]. Most of the photographs do not even depict an actual product. No claim construction is needed to confirm these simple visual observations. The Court can and should therefore dismiss StOps' claims for unfair competition and breach of nondisclosure agreement for lack of any factual basis. *Collymore v. F.B.I.*, 1995 WL 165308, at \*3 (N.D. Cal. Mar. 31, 1995) (dismissing

claims that "clearly lack any factual basis"); *Amano v. Bank of America, N.A.*, 2013 WL 12122583, at *6-7 (D. Hawaii Aug. 20, 2013) (dismissing complaint because it lacks any factual basis).

### E. StOps' Alter Ego Allegations Must Be Dismissed Because They Lack The Required Particularity.

Finally, StOps' single-sentence alter ego allegation must also be dismissed because it lacks any particularity as required by Fed. R. Civ. P. 9(b). Even worse than in the original complaint, StOps in its amended complaint alleges in a single sentence that "on information and belief, KBZ FX, Inc. was formed as a direct result of the threat of this litigation, and is merely the alter-ego of Defendants Erokhin and Joseph." ECF No. 16 at ¶8.

This single-sentence alter ego allegation, however, lacks any details and contains no specific facts whatsoever. StOps' alter ego allegation, therefore, must be stricken and dismissed. *Square 1 Bank v. Lo*, 2014 WL 4181907, at *3 (N.D. Cal. Aug. 22, 2014) (a plaintiff "must allege his alter ego theory with specificity pursuant to Rule 9(b)."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("[c]onclusory allegations of 'alter ego' status are insufficient to state a claim," rather "a plaintiff must allege the elements of alter ego liability, as well as facts supporting each.").

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the amended complaint and all claims in their entirety with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Further, because StOps has already been given an opportunity to amend, leave to amend a second time should be denied. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend.").

| | | |
|---|---|---|
| 1 | Dated: September 26, 2018 | SAN DIEGO IP LAW GROUP LLP |

By:/s/James V. Fazio, III
      JAMES V. FAZIO, III
      TREVOR Q. CODDINGTON

Attorneys for Defendants,
BREA L. JOSEPH and KBZ FX, INC.