1  JAMES V. FAZIO, III (CSB# 183353)
   jamesfazio@sandiegoiplaw.com
2  TREVOR Q. CODDINGTON, PH.D. (CSB# 243042)
   trevorcoddington@sandiegoiplaw.com
3  SAN DIEGO IP LAW GROUP LLP
   12526 High Bluff Drive, Suite 300
4  San Diego, CA  92130
   Telephone:    (858) 792-3446
5  Facsimile:    (858) 792-3501

6  Attorneys for Defendants,
   BREA L. JOSEPH and KBZ FX, INC.
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  STRATEGIC OPERATIONS, INC., | CASE NO. 3:17-CV-1539-JLS-WVG |
| 12              Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS BREA JOSEPH AND KBZ FX, INC. IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)** |
| 13         vs. | |
| 14  BREA K. JOSEPH; KASEY EROKHIN; KBZ FX; KBZ FX, INC.; and DOES 1 through 10, inclusive, | |
| 15 | |
| 16              Defendants. | |
| 17 | |
| 18 | **NO HEARING REQUESTED** |
| 19 | |
| 20 | Date:  November 15, 2018<br>Time:  1:30 p.m.<br>Judge: Hon. Janis L. Sammartino<br>Ctrm.: 4D (Schwartz) |

Defendants Brea Joseph and KBZ FX, Inc. (collectively, "KBZ") respectfully submit the following reply memorandum of points and authorities in support of their motion to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). KBZ submits that this motion is suitable for decision without oral argument and does not request a hearing.

**I.  ARGUMENT**

**A. StOps Simply Pleads No Factual Basis for Patent Infringement.**

Contrary to StOps' opposition, KBZ is not proposing a pleading standard higher than that required by *Twombly* and *Iqbal*. Further, KBZ has not admitted that any Instagram images attached to the First Amended Complaint ("FAC") are authentic. Rather, KBZ has simply observed that *none* of the exhibits to the FAC provides any factual basis for infringement.

First, the fact that Exhibit 5 to the FAC may show a KBZ product "in use" does not mean the product shows or supports infringement. Even a cursory observation of Exhibit 5 (cut and pasted below) immediately confirms that it does not depict a product with any blood-like fluid "reservoir" as required by all claims of the patents in suit, and does not show any "cavity" for containing artificial human organs as required by the patents. ECF No. 16 [Exh. 5 at 73]; ECF No. 16 at 27 [claim 1 of '403 patent requiring "at least one fluid reservoir for holding a blood-like fluid" and "a cavity generally between the first and second portions"]; *Id*. at 39 [claim 1 of '693 patent]; *Id*. at 52 [claims 1 of '774 patent]. Indeed, all but one of the images do not even depict a product. No claim construction is needed to confirm this visual observation. *See Kai U.S.A., Ltd. v. Buck Knives, Inc*., 2006 WL 314456, at *11 (D. Or. Feb. 9, 2006) (finding that no claim construction was necessary because the language was "clear on its face").



StOps argues that the product advertises "air releasing sounds" that can be used to "simulate a sucking chest wound." But that does not mean or show that the KBZ product actually contains any blood-like fluid "reservoir," and does not show any "cavity" for containing artificial human organs, as required by all claims of the patents in suit. ECF No. 16 at 27 [claim 1 of '403 patent]; *Id*. at 39 [claim 1 of '693 patent]; *Id*. at 52 [claims 1 and 4 of '774 patent]. StOps' attorney argument that such capability can only be achieved with a chest cavity and simulated lung is simply unsubstantiated.

Likewise, Exhibit 6 to the FAC (*see* image below) does not show any blood-like fluid "reservoir" and does not show any "cavity" for containing artificial internal human organs as required by all claims of the patents in suit. ECF No. 16 [Exh. 6 at 75]. StOps' argument that the accompanying text describes the product as "being used during field training" with "lifelike skin" that can "perform a tension pneumothorax" and treat injuries "such as eviscerated bowels and gunshot wounds" does not mean or show that the KBZ product actually contains any blood-like fluid "reservoir" and does not mean or show any "cavity" for containing artificial human

2

organs as required by the patents in suit.



Next, StOps argues that Exhibits 7, 8 and 9 "clearly show each patented component" being used by KBZ. But they show nothing of the kind. Exhibit 7 (cut and pasted below) is a photograph showing two unidentified people working on half of a dummy in an unspecified workroom. ECF No. 16 [Exh. 7 at 77]. Exhibit 7 does not depict any blood-like fluid reservoir, does not show any "cavity" for containing artificial internal human organs, and does not even depict a completed product. *Id.*



Exhibit 8 to the FAC shown below is a photograph showing two people inside a workroom at KBZ; it does not depict any product by KBZ whatsoever. ECF No. 16 [Exh. 8 at 79]. Exhibit 8 certainly does not depict any product having a blood-like fluid reservoir or any "cavity" for containing artificial internal human organs, as required by the '403, '774 and '693 patents. *Id.*



Lastly, Exhibit 9 to the FAC shown below is a photograph of a woman wearing a partial artificial rib cage over her clothing. ECF No. 16 [Exh. 9 at 81]. Exhibit 9 does <u>not</u> show any product having a blood-like fluid reservoir, and does <u>not</u> show any "cavity" for containing artificial human organs. Exhibit 9 does not even show any "raiment dimensioned to cover the torso of a person" as required by the patents. *Id.*



In short, StOps simply pleads no factual basis for patent infringement, so StOps' patent infringement claims should be dismissed in their entirety with prejudice.

**B. StOps' Claims for Breach of Nondisclosure Agreement and Unfair Competition Are Equally Baseless.**

StOps argues it has sufficiently pleaded its unfair competition claim by alleging Joseph and Erokhins' prior employment with StOps, their alleged copying of StOps' cut suit without consent, and their alleged use of unspecified StOps' confidential information to create KBZ's product. But StOps fails to rebut the argument that KBZ's alleged use of StOps' confidential "trade secret information"

to make a product that "embodies the inventions claimed in the '403 patent" (FAC, ¶¶68-9) by law cannot constitute unfair competition or trade secret misappropriation because the inventions claimed by a patent are by definition public and not confidential. *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1329-30 (Fed. Cir. 2013).[1] Patent publication eliminates trade secret protection.

Moreover, as discussed above, none of the Instagram postings attached to the Amended Complaint depict any blood-like fluid reservoir, as required by the patents in suit; and none of the Instagram postings show any "cavity" for containing artificial internal human organs, as required by all claims of the patents. ECF No. 16 at 72-73 [Exh. 5]; *Id*. at 75 [Exh. 6]; *Id*. at 77 [Exh. 77]; *Id*. at 79 [Exh. 8]; *Id*. at 81 [Ex. 9]. Therefore, the Court should therefore dismiss StOps' claims for unfair competition and breach of nondisclosure agreement for lack of any factual basis. *Collymore v. F.B.I.*, 1995 WL 165308, at *3 (N.D. Cal. Mar. 31, 1995) (dismissing claims that "clearly lack any factual basis"); *Amano v. Bank of America, N.A.*, 2013 WL 12122583, at *6-7 (D. Hawaii Aug. 20, 2013) (dismissing complaint because it lacks any factual basis).

### C. StOps' Alter Ego Allegations Must Be Dismissed Because They Lack The Required Particularity.

StOps argues it has not pleaded a cause of action or prayer for alter ego liability but StOps does allege that "[o]n information and belief, KBZ FX, Inc. . . . is merely the alter-ego of Defendants Erokhin and Joseph." FAC, ¶8. This single-sentence alter ego allegation, however, lacks any details and contains no specific

---

[1] StOps' citation to *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics America, Inc.*, 895 F.3d 1304 (Fed. Cir. 2018), is unavailing. True, the Federal Circuit there did affirm a jury verdict finding both patent infringement and trade secret misappropriation but on completely separate factual bases. The infringement verdict was based on the defendant's infringement of a patent directed to ambient light sensors. The trade secret claim, however, was based on the defendant's misappropriation of TSAO's "detailed financial information" and a "packaging roadmap" for glass packaging. *Id*. at 1312.

| | |
|---|---|
| 1 | facts whatsoever. StOps' alter ego allegation, therefore, must be stricken from the |
| 2 | FAC and dismissed. *Square 1 Bank v. Lo*, 2014 WL 4181907, at *3 (N.D. Cal. |
| 3 | Aug. 22, 2014) (a plaintiff "must allege his alter ego theory with specificity |
| 4 | pursuant to Rule 9(b)."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d |
| 5 | 1101, 1116 (C.D. Cal. 2003) ("[c]onclusory allegations of 'alter ego' status are |
| 6 | insufficient to state a claim," rather "a plaintiff must allege the elements of alter ego |
| 7 | liability, as well as facts supporting each."). |

## II. CONCLUSION

For the foregoing reasons, the Court should dismiss the amended complaint and all claims in their entirety with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because StOps has already been given an opportunity to amend, further leave to amend should be denied. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend.").

Dated: November 7, 2018      SAN DIEGO IP LAW GROUP LLP

By:/s/James V. Fazio, III
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON

Attorneys for Defendants,
BREA L. JOSEPH and KBZ FX, INC.