1  **TROUTMAN SANDERS LLP**
   Charanjit Brahma, Bar No. 204771
2  charanjit.brahma@troutman.com
   580 California Street, Suite 1100
3  San Francisco, CA 94104
   Telephone: 415-477-5700
4
   **TROUTMAN SANDERS LLP**
5  Justin S. Nahama, Bar No. 281087
   justin.nahama@troutman.com
6  Christopher Franich, Bar No. 285720
   chris.franich@troutman.com
7  11682 El Camino Real, Ste. 400
   San Diego, CA 92130
8  Telephone: 858.509.6074

9  Attorneys for Plaintiff
   STRATEGIC OPERATIONS, INC.
10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  STRATEGIC OPERATIONS, INC., a California Corporation, | Case No. 3:17-cv-01539-JLS (NLS) |
| 15           Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS BREA K. JOSEPH AND KASEY EROKHIN** |
| 16  v. | |
| 17  BREA K. JOSEPH, an Individual; KASEY EROKHIN, an Individual; KBZ FX, INC., a California Corporation; and DOES 1-10, inclusive, | |
| 20           Defendant. | |

Plaintiff Strategic Operations, Inc.'s ("StOps") Second Amended Complaint (D26, "SAC") includes numerous allegations about specific infringing conduct by individual Defendants Brea K. Joseph and Kasey Erokhin. Among other things, those allegations cover Joseph's and Erokhin's conduct in developing the accused trauma training products that took place before May 2017, when corporate co-defendant KBZ FX, Inc. was first created. Up until that time, Joseph merely used "KBZ FX" as a fictitious trade name. Thus, in repeatedly alleging that "KBZ FX," not just KBZ FX, Inc., committed acts of infringement (in addition to the plethora of allegations identifying Joseph and Erokhin by name), StOps has explicitly alleged that these individual defendants committed multiple acts of infringement. At this early stage of the case, particularly when discovery has not yet begun, the factual, nonconclusory allegations in StOps' complaint must be accepted as true.

But, Joseph's and Erokhin's Motion to Dismiss (D28) under Fed. R. Civ. P 12(B)(6) largely ignores those allegations. Instead, the motion appears to play on the admittedly confusing similarity between the name of the corporate defendant in this case (KBZ FX, Inc.) and Joseph's previous fictitious trade name (KBZ FX) to argue that StOps has only alleged infringement by KBZ FX, Inc. That is simply incorrect, as StOps' multiple allegations against Joseph and Erokhin by name and against KBZ FX, not just KBZ FX, Inc., make clear.

Moreover, because StOps has properly alleged infringement by Joseph and Erokhin, including when Joseph was merely using the trade name, those actions do not fall under the protection of any corporate umbrella. As a consequence, Joseph's and Erokhin's sole argument for dismissal that StOps' claims against them individually—that they cannot be individually liable for the actions of their corporation—misses the mark. Fundamentally, Joseph and Erokhin can, and must, be held accountable for the actions they took as individuals, particularly before KBZ FX, Inc. even existed.

For these reasons, there is no basis to dismiss StOps' claims against Joseph and Erokhin and their motion should be denied.

## I. FACTUAL BACKGROUND

Defendants Joseph and Erokhin were employed by StOps as injury simulation makeup artists until June 21, 2011. ((Second Amended Complaint (D26, "SAC") ¶¶18–19, 23; KBZ Answer to Second Amended Complaint (D34, "KBZ Answer") ¶¶18–19, 23).) According to the KBZ FX website, KBZ FX was founded that very year. (SAC ¶¶6–7; KBZ Answer ¶¶6–7).) From 2011 until sometime in May of 2017, when KBZ FX Inc. was finally incorporated, defendant Joseph operated her competing business under the fictitious trade name "KBZ FX." (SAC ¶¶6–7; KBZ Answer ¶¶6–7).) Within no more than one month after it was incorporated, KBZ FX provided training services using the accused product at the United States Marine Corps' Camp Pendleton. (SAC ¶ 28 and Ex. 6.) SAC Exhibits 7–9, all dating from before 2017, show assembled or in-process versions of the accused product, confirming that infringing acts of at least making the accused product occurred before the corporate defendant in this case even existed.

## II. LEGAL STANDARD

In order to survive on a motion to dismiss under Rule 12, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570(2007); *see also* Fed. R. Civ. P. 12(b)(6). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). A facially plausible claim need not be determined to be probable, but simply raise "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). This determination calls for a "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679.

This context-specific evaluation must recognize that direct evidence of some facts may be distinctively in the defendant's possession, requiring that the threshold standard of plausibility be applied to more circumstantial evidence. *See Matrixx*

*Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 49 & n.15 (2011) (holding, even under a special statutory heightened pleading standard, that plaintiff's claim could not be dismissed where it pleaded facts "sufficient to render the inference of scienter at least as compelling as the inference" of innocent conduct (quotation marks and citation omitted)).

In patent cases, the law of the regional circuit governs procedural issues of law. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1282 (Fed. Cir. 2013). In the Ninth Circuit, to be entitled to the presumption of truth, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied,* 132 S. Ct. 2101 (2012). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III.   ARGUMENT

Joseph's and Erokhin's motion to dismiss rests on two premises: (1) that StOps has not alleged any acts of infringement by defendants Joseph and Erokhin acting in their personal capacity; and (2) that for any acts by "KBZ FX" (and here, Defendants' motion appears to make no distinction between incorporated defendant KBZ FX, Inc. and the prior fictitious trade name under which individual defendants Joseph and Erokhin operated), Joseph and Erokhin are entitled to protection from individual liability under the "corporate veil." Neither premise is supported by the pleadings, and consequently, dismissal of StOps' claims against these defendants in their individual capacities is not warranted.

At this stage of the case, no Discovery has been provided as to the precise timing of the development, offer for sale, initial use, or any other details about when the

infringing activities began. Nevertheless, it is more than plausible that in order to make use of Defendants' infringing product in June 2017—the month following KBZ FX, Inc.'s incorporation—the infringing acts of "making" that product must have begun before KBZ FX, Inc. existed. To the extent those preliminary infringing acts were performed by either of the individual defendants when defendant Joseph was merely operating under the "KBZ FX" fictitious trade name, Defendants point to no authority that suggests those activities fall within the corporate veil, and the individual defendants are liable for at least that pre-incorporation conduct.

In that respect, StOps' allegations against Joseph and Erokhin stand in stark contrast to those at issue in this Court's decision in *Footbalance System Inc. v. Zero Gravity Inside, Inc. et al.*, Case No. 3:15-cv-01058-JLS-RNB (S.D. Cal. Oct. 4, 2016), Order Granting in Part and Denying in Part Motion to Dismiss. In *Footbalance*, the plaintiff's plead allegations referred only to sales of the accused products within the period after incorporation of the corporate defendant, and only in its brief opposing the motion to dismiss did the plaintiff allege that prior acts of manufacturing the product also constituted infringement. *Id.* at 9. In contrast here, StOps' complaint explicitly alleges as a factual matter that:

- "*Joseph and Erokhin* recently developed a human-worn trauma training product that is identified on KBZ FX's website and Instagram account as its 'trauma training kit' and described as 'a human body replica suit used to perform actual treatments of for medical training" SAC ¶ 24. StOps' pleadings are further supported by Exhibits 7–9 to the SAC showing, in personal Instagram feeds, the existence of the fully-made and in-process accused product *prior to 2017*, when KBZ FX, Inc. was incorporated;
- "*Joseph and Erokhin* have and continue to induce infringement of the '403 patent by actively and knowingly inducing others to make, use, sell and or offer for sale the TTK" and "*Joseph and Erokhin* developed the

- TTK knowing and specifically intending the TTK to copy Stops Cut Suit." SAC ¶ 45;
- "*Joseph and Erokhin* have and continue to contributorily infringe the '403 patent" and "the TTK was especially made by *Joseph and Erokhin* to look and function the same as StOps' Cut Suit and … *Joseph and Erokhin* knowingly and intentionally incorporated the same components and features of StOps' Cut Suit into the TTK, despite knowing that the components and features are covered by the inventions claimed in the [asserted patents]," including "among other components, a vest for covering the torso of a person that includes an artificial rib cage and prosthetic human organs …." SAC ¶ 46–47.

Similarly, StOps' SAC includes numerous allegations of infringement attributed to "KBZ FX" generally, which includes Joseph's and Erokhin's actions prior to any incorporation of KBZ FX, Inc. when Joseph was operating under the "KBZ FX" fictitious trade name. SAC ¶¶ 39–41. Defendants' Motion mischaracterizes KBZ FX as a corporate entity: "StOps recognizes and alleges that it is the **corporate entities** KBZ FX and/or KBZ FX, Inc. that 'make, use, offer to sell and/or sell the TTK.'" D28-1 at 1 (emphasis in original). While KBZ FX, Inc. was incorporated as of May 2017, KBZ FX was never incorporated and was nothing more than a trade name under which Joseph operated. SAC ¶23. As such, the conduct of Joseph and Erokhin while Joseph operated under the fictitious trade name "KBZ FX" is directly attributable to those individual Defendants.

Despite the clear attribution of these acts to Joseph and Erokhin and the evidence already presented by StOps with the SAC showing that at least their development activities took place before KBZ FX, Inc. even existed, Defendants appear to assume, that all of the alleged acts of infringement should be attributed to KBZ FX, Inc. Defendants provide no basis for such an assumption, nor would such evidence be appropriate in evaluating the sufficiency of StOps' pleadings. But, even

if Defendants' assumption is correct, to invoke the protection of KBZ FX, Inc.'s "corporate veil," Defendants would have to show that both Joseph and Erokhin were officers of that corporate entity. At least for defendant Erokhin, such a showing would seem to directly contradict Defendants prior representations to this Court that Erokhin "was never involved in KBZ FX, Inc., as she resigned in 2016 prior to the May 2017 formation of KBZ FX, Inc."

With no applicable corporate veil, Joseph's and Erokhin's acts of infringement fall within the general rule that "'Patent infringement is a tort,' … and '[i]n general, a corporate officer is personally liable for his tortious acts, just as any individual may be liable for a civil wrong." *Wordtech Sys. Inc. v. Integrated Network Solns., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010), citing *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1365 (Fed.Cir.2008) and *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1411 (Fed.Cir.1996)).

## IV.     CONCLUSION

For the foregoing reasons, individual defendants Joseph's and Erokhin's motion to dismiss should be denied.

Dated:     September 19, 2019            TROUTMAN SANDERS LLP


By:*/s/ Charanjit Brahma*
        Charanjit Brahma

        Attorneys for Plaintiff
        STRATEGIC OPERATIONS, INC.