1   **INSIGNE LLP**

2   Trevor Q. Coddington, Ph.D. (Bar No. 243,042)
    trevorcoddington@sandiegoiplaw.com

3   Cody R. LeJeune (Bar No. 249,242)
    codylejeune@sandiegoiplaw.com

4   Charles A. Blazer, II (Bar No. 282,495)
    charlesblazer@sandiegoiplaw.com

5
    Donny K. Samporna (Ba No. 316,456)
6   donnysamporna@sandiegoiplaw.com

7   701 Palomar Airport Rd., Suite 230
    San Diego, CA  92011
8   Telephone:    (858) 227-6633

9   Attorneys for Defendants,
    BREA JOSEPH, KASEY EROKHIN, and KBZ FX, INC.

10

11                  UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13

14   STRATEGIC OPERATIONS, INC.,          CASE NO. 3:17-CV-1539-JLS-
                                          WVG
15              Plaintiff,
                                          **REPLY MEMORANDUM OF**
16        vs.                             **POINTS AND AUTHORITIES**
                                          **BY DEFENDANTS BREA**
17   BREA K. JOSEPH; KASEY                **JOSEPH AND KASEY**
     EROKHIN; KBZ FX, INC.; and DOES      **EROKHIN IN SUPPORT OF**
18   1 through 10, inclusive,             **THEIR MOTION TO DISMISS**
                                          **THE SECOND AMENDED**
19              Defendants.               **COMPLAINT**

20                                        **NO HEARING REQUESTED**

21

22                                        Judge:    Hon. Janis L. Sammartino

23

24

25

26

27

28

Defendants Brea Joseph and Kasey Erokhin ("the Individual Defendants") respectfully submit the following reply memorandum of points and authorities in support of their motion to dismiss the second amended complaint ("SAC").

## I.   ARGUMENT IN REPLY

Plaintiff Strategic Operations ("StOps") does not defend the SAC's failure to sufficiently plead alter ego liability, relying instead on alleged conduct prior to incorporation. ECF No. 54. The allegations of the Individual Defendants' conduct prior to incorporation, however, do not satisfy the pleading requirements for patent infringement under *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The SAC's allegations against "KBZ FX" are likewise not attributable to the Individual Defendants; those allegations are attributable to KBZ FX, Inc., at best. Moreover, the allegations against "KBZ FX" are moot because KBZ FX should be dismissed under Federal Rule of Civil Procedure 4(m). ECF No. 24 at 12 (Order Granting Motion to Dismiss alter ego allegations against the Individual Defendants).

### A. The Cited Allegations in the Second Amended Complaint Regarding the Individual Defendants Are Inadequate Under *Iqbal* Because They Are Mere Conclusory Listings of Patent Claim Elements.

Specifically, in its Opposition, StOps now *speculates* that "in order to make use of Defendants' infringing product in June 2017 – the month following KBZ FX, Inc.'s incorporation – the infringing acts of 'making' the product must have begun before KBZ FX, Inc. existed." ECF No. 54 at 4. This allegation is not made in the SAC, however. The sections of the SAC cited by StOps allege, instead:

- "Joseph and Erokhin recently developed a human-worn trauma training product…" SAC at ¶24. The only allegation of *when* this development occurred is "recently" – suggesting that it occurred after the 2017 incorporation of KBZ FX, Inc. And contrary to StOps' characterization in its Opposition, the SAC only alleges that Exhibits 7-9 show "raiments for

1

use in the accused products" (SAC ¶¶29-30, Exhibits 7-8) and "some of the components incorporated into the completed raiments for use in the accused products" (SAC ¶31, Exhibit 9). The SAC provides no other allegations with respect to the numerous other necessary elements of the asserted claims, other than naked listings of claim elements. SAC at ¶38 ('403 Patent), ¶50 ('693 Patent), ¶52 ('774 Patent). Such a naked listing of claim elements, however, is legally inadequate under *Iqbal*. 556 U.S. at 677 (complaint will not suffice "if it tenders 'naked assertion[s]' devoid of further factual enhancement") (*citing Twombly*, 550 U.S. at 557).

- "Joseph and Erokhin have and continue to induce infringement of the '403 Patent by actively and knowingly inducing others to make, use, sell, and/or offer for sale the TTK." SAC at ¶45. This is another legally inadequate naked conclusion of law. Paragraph 45 goes on to allege "Joseph and Erokhin developed the TTK knowing and specifically intending the TTK to copy StOps Cut Suit." *Id*. But absent a case-within-a-case showing that StOps' Cut Suit practices the '403 Patent, this allegation of "copying" is irrelevant to patent infringement. *See Bonito Boats v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 151 (1989) ("[F]ree exploitation of ideas will be the rule, to which the protection of a federal patent is the exception.").

- "Joseph and Erokhin have and continue to contributorily infringe the '403 Patent [because] the TTK was especially made by Joseph and Erokhin to look and function the same as StOps' Cut Suit… despite knowing that those components and features are covered by the inventions claimed in the '403 Patent." SAC at ¶46.[1] Again, this is a legally inadequate naked

---

[1] In its Opposition, StOps misleadingly substitutes "[asserted patents]" for "'403 Patent" when quoting the complaint. *Compare* ECF No. 54 at 5 *with* SAC at ¶45. The cited allegations *only* relate to the '403 Patent. The only allegations with

conclusion of law followed by an allegation of "copying," which is irrelevant without some showing (beyond a mere conclusory assertion) that StOps' Cut Suit practices the '403 Patent.

Thus, this case mirrors *Footbalance System Inc. v. Zero Gravity Inside, Inc.*, Case No. 3:15-cv-01058-JLS-RNB (S.D. Cal. Oct. 4, 2016). Here, the only alleged sales/rentals of the accused TTK occurred after the incorporation of KBZ FX, Inc., and only in StOps' brief opposing the Motion to Dismiss does StOps now speculate that some "making" might have occurred prior to incorporation. Moreover, even assuming, *arguendo*, that such a "making" occurred, the SAC does not allege that any damage to StOps flowed from it. *See* SAC at ¶33 (alleging only damage due to KBZ FX renting and/or leasing the TTK to agencies for military training).

## B. "KBZ FX" Only Refers to KBZ FX, Inc.

StOps further argues that, in the context of the SAC, allegations of infringement against "'KBZ FX' generally" should be construed as allegations against the Individual Defendants. ECF No. 54 at 5 ("allegations of infringement attributed to 'KBZ FX' generally… includes Joseph's and Erokhin's actions prior to any incorporation of KBZ FX, Inc."). This is a strained *post hoc* reinterpretation of the SAC, first and foremost because KBZ FX is a specifically named Defendant, apart from the other Defendants in the complaint. The cause of action for patent infringement distinguishes between KBZ FX and the Individual Defendants by directing different allegations to different parties, specifically. *E.g.*, ECF No. 26 (SAC) at ¶¶39-41 (allegations regarding "KBZ FX"), ¶42-43 (allegations regarding "Defendants"), ¶44 (allegation regarding "Joseph, Erokhin, and KBZ FX"), ¶46-47 (allegations regarding "Joseph and Erokhin"). Plaintiff's choice to draft the

---

respect to the other asserted patents are at paragraphs 50-52, and they are mere listings of claim elements, with no factual analysis whatsoever. SAC at ¶¶50-52. Accordingly, all claims with respect to the '693 and '774 Patents should be dismissed.

3

complaint in this way should not be ignored, especially since this is the Plaintiff's third attempt to draft a legally cognizable claim against the Individual Defendants. *See* ECF No. 15 (Order granting Motion to Dismiss); ECF No. 24 (Order granting Motion to Dismiss).

If, however, the Court is inclined to reinterpret the Plaintiff's allegations against "KBZ FX" as somehow including other Defendants, then a more reasonable interpretation is that the cause of action for patent infringement loosely conflates KBZ FX with KBZ FX, Inc., not with the Individual Defendants. Notably, no allegations in the cause of action for patent infringement are directed specifically to KBZ FX, Inc. SAC at ¶¶36-55.[2] The only time KBZ FX, Inc. is specifically referenced in an allegation in the cause of action is in paragraph 45, which alleges, in relevant part: "[Joseph and Erokhin] are the persons in control and authority of KBZ FX and KBZ FX, Inc. and have actively aided and abetted KBZ FX and KBZ FX, Inc. to infringe the '403 Patent." *Id*. at ¶45. This is an *attempt* to plead alter ego liability against the Individual Defendants, and the reference therein to "KBZ FX, Inc." is merely conclusory. With respect to KBZ FX, Inc. the SAC makes no further allegations to satisfy StOps' burden under *Iqbal/Twombly*. *Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ. P. 12(b)(6).[3] The fact that StOps

---

[2] Paragraph 42 refers to "Defendants" collectively, but only in the context of unsupported legal conclusions with respect to "derivative products." As this Court previously noted, however, "[a] complaint will not suffice 'if it tenders naked assertion[s]' devoid of 'further factual enhancement.'" ECF No. 24 (Order on Motion to Dismiss) (quoting *Iqbal*, 556 U.S. at 677). Paragraph 43 also refers to "Defendants" collectively, but only in the context of pre-suit knowledge of the '403 Patent, which is moot with respect to any particular Defendant in the absence of a cognizable claim against that Defendant.

[3] The only other reference to the conduct of KBZ FX, Inc. is in the Background section of the SAC, paragraph 35, which alleges "Joseph, Erokhin, and KBZ FX Inc. nevertheless continue to make, use, sell, and/or offer for sale, the TTK, violating StOps' patent rights" – a legally insufficient naked claim without any further factual allegations regarding patent infringement by KBZ FX, Inc. To the

4

fails to allege patent infringement against KBZ FX, Inc. is puzzling in the context of this case and circumstantially suggests that StOps meant to equate the alleged conduct of "KBZ FX" with the conduct of KBZ FX, Inc.

Specifically, the SAC alleges that "KBZ FX… **continues** to directly infringe the '403 Patent." SAC at ¶39 (emphasis added). But StOps admits that KBZ FX incorporated as KBZ FX, Inc. in May of 2017. ECF No. 54 at 2. This further suggests that StOps' patent infringement allegations loosely conflate KBZ FX with KBZ FX, Inc. Thus, even assuming *arguendo* that "KBZ FX" refers to another Defendant, then the most reasonable interpretation would be that it refers to the Defendant named "KBZ FX, Inc." Absent a showing of alter ego liability sufficient to pierce the corporate veil, the Individual Defendants are not personally liable for the conduct of KBZ FX, Inc., and, as noted above, StOps does not defend the SAC's failure to adequately plead alter ego liability. *See* ECF No. 28 (addressing StOps' failure to adequately plead alter ego liability).

### C. KBZ FX Should Be Dismissed Under Federal Rule of Civil Procedure 4(m).

To the extent that StOps' cause of action is directed to the conduct of KBZ FX – as opposed to KBZ FX, Inc. or the Individual Defendants – that claim should be dismissed under Federal Rule of Civil Procedure 4(m) for failure to timely file proof of service against KBZ FX. This Court previously ordered: "StOps **SHALL FILE** proof of service against Ms. Erokhin and KBZ FX on or before twenty-one (21) days of the electronic docketing of this Order. *Failure to do so may result in dismissal without prejudice of StOps' causes of action against Ms. Erokhin and KBZ FX pursuant to Federal Rule of Civil Procedure 4(m)*." ECF No. 24 at 12 (dated May 7, 2019) (emphasis in original). StOps has not filed proof of service

---

extent that StOps has failed to state a claim for patent infringement against KBZ FX, Inc., then StOps has likewise failed to state a claim for alter ego liability against the Individual Defendants, because stating a claim for alter ego liability is contingent on pleading an underlying claim.

against KBZ FX, despite having ample time to do so. Accordingly, the cause of action for patent infringement against KBZ FX should be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court should dismiss the amended complaint and all claims in their entirety with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because StOps has already been given an opportunity to amend twice, leave to amend a third time should be denied. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend.").

Respectfully submitted,

INSIGNE LLP

Dated: September 26, 2019        By:    /s/ Charles A. Blazer, II
                                        Trevor Q. Coddington, Ph.D.
                                        Cody R. LeJeune
                                        Charles A. Blazer II
                                        Donny K. Samporna
                                        701 Palomar Airport Rd., Suite 230
                                        Carlsbad, CA 92011
                                        Phone: (858) 227-6633
                                        Fax: (858) 405-4422
                                        *Attorneys for Defendants*,
                                        BREA JOSEPH, KASEY EROKHIN,
                                        and KBZ FX, INC.

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2019, I caused a copy of the foregoing

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDANTS BREA JOSEPH AND KASEY EROKHIN IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**
and any attachments thereto to be served *via* electronic mail to counsel for all parties and their counsel of record, who are deemed to have consented to electronic service using the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

INSIGNE LLP

Dated: September 26, 2019          By:  /s/ Charles A. Blazer, II
                                        Trevor Q. Coddington, Ph.D.
                                        Cody R. LeJeune
                                        Charles A. Blazer II
                                        Donny K. Samporna
                                        701 Palomar Airport Rd., Suite 230
                                        Carlsbad, CA 92011
                                        Phone: (858) 227-6633
                                        Fax: (858) 405-4422
                                        *Attorneys for Defendants*,
                                        BREA JOSEPH, KASEY EROKHIN,
                                        and KBZ FX, INC.

7